# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN REDMOND, Petitioner, v. ROSIE RIVERA *et al.*, Respondents. | **O R D E R** <br><br> Case No. 2:19-CV-1008-HCN <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

On August 12, 2021, the court concluded that, "because Plaintiff was a prisoner when he filed this case and because he has filed three or more previous cases or appeals in federal court that were dismissed as frivolous or for failure to state a claim," Dkt. No. 35 at 2, he was not allowed to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915(g), *see id.* at 1–2. On that basis, the court vacated a previous order granting Plaintiff's application to proceed IFP and ordered Plaintiff to pay his $350 initial filing fee within thirty days. *See id.* at 2. Plaintiff has moved for relief from the court's August 12 order because he argues that he satisfies the exception to § 1915(g) for three-strikes plaintiffs who are "prisoner[s] . . . under imminent danger of serious physical injury."[1] *See* Dkt. No. 36 at 1–2.

---

[1] The statutory provision provides in full that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

When evaluating whether a prisoner is under imminent danger of serious physical injury, courts must "look to the allegations in [the] complaint." *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008). A three-strikes prisoner may only proceed IFP if those allegations amount to "specific, credible allegations of imminent danger." *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) (cleaned up). "[T]he harm must be imminent or occurring at the time the complaint is filed.'" *Fuller*, 288 F. App'x at 511 (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). And "allegations of past injury or harm are insufficient[,] as are vague and conclusory assertions of harm." *Id.* (citations omitted).

Plaintiff identifies twelve claims in his amended complaint (which was filed on July 21, 2020) that he argues satisfy the "imminent danger" test—specifically, counts 1, 2, 3, 9, 12, 15, 25, 28, 31, 32, 33, and 37. *See* Dkt. No. 36 at 2.

Counts 1, 2, 3, 28, 32, 33, all relate to Plaintiff's arrest and refer to conduct alleged to have occurred on December 3, 2019. *See* Dkt. No. 24-1 at 2–4, 24, 28. Count 9 alleges that Plaintiff was denied mental health services on January 25, 2020. *See id.* at 8. Count 12 alleges that Plaintiff's medical request for insulin was denied on February 3, 2020. *See id.* at 10. Count 15 alleges that Plaintiff received written and verbal warnings on April 23, 2020, in retaliation for his various lawsuits. *See id.* at 12–13. Count 25 alleges that, between December 6, 2019, and July 2, 2020, Plaintiff was housed in a unit at the Salt Lake County Jail where he "remained on lockdown somedays five . . . days in a row, four . . . days in a row or maybe com[ing] out once a week sometimes," and that he made several suicide attempts during this time due to the long periods of lockdown during that time. *See id.* at 20. Count 31 alleges that, on or about December 2019, detectives from the Salt Lake City Police Department "conduct[ed] illegal search and

seizure, denied and/or w[ere] deliberately indifferent to medical needs, [in]vaded [Plaintiff]'s privacy, tampered with evidence, and gave false information to a sworn State Court under oath having either failed to be trained as such or deliberately, callously, or maliciously failed to follow training." *Id.* at 27. Finally, Count 37 alleges that Plaintiff was touched by a deputy at the Salt Lake County Jail "in a[n] inappropriate sexual[] manner" on April 4, 2020, *id.* at 32, that the same deputy threatened him sometime between June 26, 2020 and June 28, 2020, *id.*, and that another deputy "threw [his] head against the steel by the door, cut [his] arm . . . threw [his] head around aggressively" and then made him stay in his cell for four days and denied him the ability to file a grievance, *id.*

Because all of these claims are "allegations of past injury or harm," *Fuller*, 288 F. App'x at 511, Plaintiff has not pled facts that amount to "specific, credible allegations of imminent danger." *Strope*, 653 F.3d at 1273 (cleaned up).

**IT IS THEREFORE ORDERED** that:

**1.** Plaintiff's Motion for Relief from the court's August 12 order is **DENIED.** Dkt. No. 36. Plaintiff's complaint will be dismissed unless he pays the entire $350 filing fee no later than April 29, 2022.

**2.** Plaintiff's Motion to Register for Pacer is **GRANTED.** Dkt. No. 33. Plaintiff may file a motion explaining why he has good cause for waiver of PACER fees no later than April 29, 2022. The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a proper sample motion for him to use to make his motion.

**3.** Plaintiff's Motion for Waiver of Fees for Copies is **DENIED**. Dkt. No. 41. Petitioner may copy his filings by hand if he has no access to a copy machine and wishes to keep

copies. *Cf. Brooks v. Colo. Dep't of Corr.*, 730 F. App'x 628, 632 (10th Cir. 2018) ("'[A]n inmate's right of access to the courts does not require that prison officials provide inmates free or unlimited access to photocopying machinery.'" (citation omitted)); *see also Holt v. Werholtz*, 185 F. App'x 737, 740 (10th Cir. 2006) (concluding that handwriting copies of court documents is a reasonable alternative to photocopying court documents when a court does not require typed documents).

DATED this 30th day of March, 2022.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge